**MEMO ENDORSED**

~~PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP~~

~~1285 AVENUE OF THE AMERICAS~~
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3035

WRITER'S DIRECT FACSIMILE

(212) 492-0035

WRITER'S DIRECT E-MAIL ADDRESS

rtarlowe@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
DAVID CARMONA
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 23, 2019

**BY EMAIL / ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

*United States* v. *Anilesh Ahuja, et al.*,
18 Cr. 328 (KPF)

Dear Judge Failla:

We write to respectfully request the Court's assistance in resolving two discovery disputes with the government. Specifically, we write to request that the Court direct the government to: (i) obtain, review, and (as necessary) produce relevant documents in the possession, custody, or control of its cooperating witnesses; and (ii) produce copies of the grand jury and SEC subpoenas issued to third parties in connection with this case. The government has claimed that it is not obligated to provide this information, and has not responded to our request that they agree to provide this information regardless of the disagreement about whether they have a legal obligation to do so.

**Documents in the Possession of Cooperating Witnesses**

As explained in detail in a letter to the Court dated April 8, 2019, the defense learned that one of the government's cooperating witnesses, Amin Majidi, communicated with other PPI employees (including alleged co-conspirators) through his personal email account. *See* Dkt. No. 102. Having observed that the government had not produced any emails from Majidi's personal account, we asked the government to ask Majidi for those

1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

documents.  The government refused to make that request, and we moved to compel.  On April 11, the Court granted our motion, and "direct[ed] the Government to request from counsel for Majidi that counsel produce the Responsive Communications to the Government as soon as possible."  Dkt. No. 115.  The defense has now received a production of more than 300 responsive documents from Majidi's personal account.  As far as we can tell, none of these had previously been produced, such that if we had not pressed the issue, we would not have received several hundred relevant communications from Majidi.

Following the Court's April 11 Order—and knowing that Majidi's original production to the government had not included hundreds of responsive documents—we inquired as to whether the government had asked Majidi for any other relevant materials or communications in his possession, and whether it had asked, or intended to ask, other cooperating witnesses for relevant documents or communications in their possession.  In response, and despite the Court's ruling with respect to Majidi's personal emails, the government refused, maintaining that it was under no obligation to seek such materials from its cooperating witnesses, including those with cooperation agreements that require them to produce to the government any documents requested of them.

As articulated in greater detail in our April 8 letter motion, and whether viewed under Rule 16, *Giglio* v. *United States*, 405 U.S. 150 (1972), *Brady* v. *Maryland*, 373 U.S. 83 (1963), or the U.S. Attorney's Office's own internal discovery policy, the government is required to seek and disclose relevant documents in the possession of its cooperating witnesses, which are in turn—and by virtue of the Office's own cooperation agreement—within the government's possession, custody, or control.  *See United States* v. *Stein*, 488 F. Supp. 2d 350, 360–64 (S.D.N.Y. 2007).

We can think of no legitimate reason why the government would not request all relevant documents from its cooperators.  Indeed, and as noted in our prior motion regarding Majidi specifically, the position the government has taken here is contrary to its own practice in other cases, as well as the U.S. Attorney's Office's own Discovery and Disclosure Policy, which advises that prosecutors have a "substantial obligation" to "dig for" impeachment material concerning their cooperating witnesses.  *See* Dkt. No. 102 at 4–5.  Here, the government will not even ask its cooperators for relevant documents, much less "dig for" impeachment material.

Accordingly, we respectfully request that the Court direct the government to request, obtain, review and (as appropriate) produce relevant documents in the possession of its cooperating witnesses.

**Production of Subpoenas Issued to Third Parties**

The government has produced more than 900,000 documents that it appears to have obtained from the SEC, and that the SEC presumably obtained through the issuance of subpoenas.  Although the production enables us to identify the sources of the documents,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

it provides no information concerning the scope of the request to which those documents were responsive.

The defense is in the process of deciding whether to seek additional Rule 17(c) subpoenas directed to third parties that previously produced documents, and if so, the appropriate scope of those subpoenas.  In order to streamline that process, it is helpful to know what the government has already sought and obtained from those parties.  For that reason, on April 6, 2019, we asked the government to share with us the SEC subpoenas used to obtain the documents in the government's Rule 16 productions.  As we explained, these subpoenas were "necessary to our evaluation of the need for (and scope of) potential Rule 17(c) subpoenas."  As described below, seeing the subpoenas (and comparing them to the productions) would allow us to ascertain whether certain potentially missing items were previously asked for (but determined not to exist), or were not requested at all, thereby allowing us to make more targeted requests.

The government stated that it was under no obligation to produce copies of the subpoenas and declined our request as to both SEC subpoenas and its own grand jury subpoenas.  We followed up with the government on April 10, asking whether there was any reason the government was unwilling to provide copies of the subpoenas even if it believed it had no obligation to do so.  We received no response.

We respectfully request that the Court compel the government to produce both sets of subpoenas.  Production of these subpoenas will avoid unnecessary burden on the defense and the Court by obviating the need to file Rule 17(c) applications for materials already sought by the government.[1]  By way of example, a number of PPI investors produced documents to the SEC, but some of these productions appear to include certain categories of documents that are not included in other investors' productions.  Without seeing the underlying subpoenas, we have no way of knowing whether these types of documents were requested from that investor and determined not to exist, or simply not requested.  As a result, and without the subpoenas, the defense will be forced to make applications for Rule 17(c) subpoenas that may seek the very same documents as those subpoenaed by the government, wasting the resources of the investors, the defense, and the Court.  Importantly, providing these subpoenas, to which the government has ready access, would not impose a meaningful burden or, on the facts of this case, compromise any meaningful law enforcement interest.

Other courts have required the government to provide this information in similarly complex criminal cases.  For example, in *United States* v. *Blumberg*, No. 14-CR-458 (JLL) (D.N.J. Jan. 26, 2015), a wire and securities fraud case in which the government produced more than two million documents, the district court ordered the government to produce, among other things, all third-party subpoenas.  (A copy of the district court's Order is attached as Exhibit A.)  And the government has not argued—and could not

---

[1]   We also pointed out to the government that to the extent any of its witnesses failed to produce responsive documents, the failure to do so would constitute *Giglio* material.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Katherine Polk Failla

argue—that it is prohibited from disclosing its grand jury subpoenas.  Rule 6(e)(6) provides that "subpoenas relating to grand-jury proceedings must be kept under seal" only "to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."  We are aware of no continued need to prevent that disclosure here.[2]

    While we are loathe to burden the Court with discovery motions at this point in the case, the alternative is to burden the Court with applications for Rule 17 subpoenas, which does not strike us as an efficient use of our (or the Court's) time and attention.

*     *     *     *     *

    For these reasons, we respectfully request that the Court direct the government to (i) obtain, review, and (as necessary) produce relevant documents in the possession, custody, or control of its cooperating witnesses; and (ii) produce copies of the grand jury and SEC subpoenas issued to third parties in connection with this case.

Respectfully submitted,

Richard C. Tarlowe
Roberto Finzi

cc:     Counsel of Record

The Court is in receipt of Defendant's letter, dated April 23, 2019.
The Government shall submit a letter in response before April 26, 2019,
at 5:00 p.m.

SO ORDERED.

Dated: April 23, 2019
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[2]   As the original Indictment was returned nearly a year ago, the subpoenas in question would not risk disclosing a matter currently occurring before a grand jury.  Moreover, the documents obtained through these subpoenas have already been produced to the defense, negating any concern over the need for secrecy.