UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    v.<br><br>ANILESH AHUJA and JEREMY SHOR,<br><br>                              Defendants. | 18 Cr. 328 (KPF)<br><br>ORDER |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Defendant Ahuja's letter brief of April 23, 2019, regarding discovery disputes with the Government, and the Government's responsive letter brief of April 26, 2019. (Dkt. #127, 132). *First*, Mr. Ahuja requests that the Court direct the Government to "obtain, review, and (as necessary) produce relevant documents in the possession, custody, or control of its cooperating witnesses." In particular, he expresses concern that, based on his counsel's communications with the prosecutors, the Government has failed or is failing to discharge its obligations under Federal Rule of Criminal Procedure 16, *Giglio* v. *United States*, 405 U.S. 150 (1972), and *Brady* v. *Maryland*, 373 U.S. 83 (1963).[1] The Government responds that it "has requested, obtained, and produced relevant materials possessed by witnesses it intends to call at trial," and, further, that it "has also made, and continues to

---

[1] The Court does not believe that a failure to comply with internal Department of Justice policies, such as Title 9 of the *Justice Manual* (successor publication to the *United States Attorney's Manual*), affords a private right of action to criminal defendants, and thus does not discuss Mr. Ahuja's arguments under this theory. *See United States* v. *Loften*, 518 F. Supp. 839, 856 (S.D.N.Y. 1981) ("[I]nternal Government policies do not create rights in private citizens. The United States Attorney's Manual itself specifically states that it is not intended to, does not, and may not be relied upon to, create any rights whatever in any party"), *aff'd*, 819 F.2d 1130 (2d Cir. 1987).

make, reasonable inquiries of all cooperating witnesses about the existence of *Brady* or *Giglio* material."

The Court accepts the representations of the Government that it has complied with its disclosure obligations.  More fundamentally, it disagrees with Defendant Ahuja's premise that cooperating witnesses automatically become members of the "prosecution team" upon the execution of their cooperation agreements, or that materials in the possession of cooperating witnesses are automatically deemed to be within the "possession, custody, or control" of the Government.  *See generally United States* v. *Barcelo*, 628 F. App'x 36, 38-39 (2d Cir. 2015) (summary order) (rejecting argument that cooperating witnesses were necessarily members of the prosecution team, while acknowledging the possibility that a cooperating witness could so qualify under certain circumstances; "Individuals who perform investigative duties or make strategic decisions about the prosecution of the case are considered members of the prosecution team, as are police officers and federal agents who submit to the direction of the prosecutor and participate in the investigation." (citing *United States* v. *Meregildo*, 920 F. Supp. 2d 434, 441 (S.D.N.Y. 2013)); *United States* v. *Garcia*, 509 F. App'x 40, 42-43 (2d Cir. 2013) (summary order) ("The *Brady* rule requires prosecutors to learn of any favorable evidence known to other members of the prosecution team, including police.  But this duty is not limitless, and this Court has never held that the 'prosecution team' includes cooperating witnesses." (internal citations omitted)).

That said, the Court is concerned about the factual circumstances that prompted Mr. Ahuja's application — namely, what appears to the Court to be the Government's belated production of relevant documents and text messages obtained from contemplated trial witnesses. The Court expects that the Government has made appropriately robust inquiries of all of its potential witnesses for relevant documents and materials, and that future disclosures under Rule 16, *Giglio*, or *Brady* will be kept to a minimum. *See generally United States* v. *Coppa*, 267 F.3d 132, 139-40 (2d Cir. 2001) (discussing Government's disclosure obligations).

*Second*, Mr. Ahuja seeks production of the "the grand jury and SEC subpoenas issued to third parties in connection with this case." The Government demurs, noting that its investigation is ongoing and that it has no obligation to produce subpoenas issued by the U.S. Securities and Exchange Commission ("SEC"). Mr. Ahuja's proffered reasons for requesting this information, i.e., his desire to make efficient use of Rule 17(c) subpoenas, is plainly insufficient to overcome Rule 6(e). However, the Court questions whether the Government's grand jury subpoenas are so interdependent that disclosure of any one of them would reveal ongoing grand jury investigations. For this reason, the Court directs the Government to submit an *in camera* response, on or before **Monday, May 6, 2019**, addressing whether any of the grand jury subpoenas issued in connection with this investigation can be disclosed without revealing ongoing grand jury investigations or otherwise

3

running afoul of Rule 6(e).  The Court will not require the Government to collect or produce subpoenas issued by the SEC.

    SO ORDERED.

Dated:   April 30, 2019
           New York, New York

                                           KATHERINE POLK FAILLA
                                           United States District Judge