U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 29, 2019

BY CM/ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Anilesh Ahuja, et al.
                   S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government writes in response to the defendants' joint letter regarding their proposed *voir dire* of prospective jurors.

      The Government objects to the defendants' proposed description of PPI in two respects.  *First*, the defendants ask the Court to define PPI as a "real estate investment business that, among other things, managed a series of hedge funds."  That description is inaccurate and misleading, including because it suggests that PPI was a real estate company and conflicts with the defendants' own description of PPI to the Court and to its investors.  The Government asks that the Court instruct the jury that PPI was an "investment manager that, among other things, managed hedge funds the invested in mortgage-backed securities."  This description is drawn verbatim from Ahuja's description of PPI in his papers to the Court, including most recently in his motions *in limine*.  (*See*, *e.g.*, Ahuja May 10, 2019 Mot. 2 ("Anilesh Ahuja was the majority owner and CEO of PPI, an *investment manager that, among other things, managed hedge funds that invested in mortgage-backed securities* from 2009 through 2016.") (emphasis added); *see also*, *e.g.*, PPI Due Diligence Questionnaire, August 2015 (PPI-SEC 00003397) ("Founded in June 2008, PPI is an alternative asset manager that engages in relative value trading and fundamental credit investing in the residential mortgage markets. . . . The Mortgage Credit Fund is PPI's flagship fund.  It applies a top down-bottoms up approach to security selection to focus on investment opportunities in the MBS market with an emphasis on residential securities.").

      *Second*, the defendants ask the Court to instruct the jury that hedge funds "are high risk investment structures where the clients' investments are managed by the fund's employees (typically a portfolio manager) in exchange for the payment of fees, including fees based on the amount invested and the performance of the fund."  This description is again inaccurate and misleading, including because it suggests, incorrectly, that all hedge funds are high risk and that the fees were paid to employees, not the investment manager.  The Government asks the Court to instruct the jury that a hedge fund is "an investment fund that pools investor money and invests

that pool of money in assets in exchange for fees paid to the investment manager, including fees based on the amount of money invested and the performance of the fund."

The Government also objects to the defendants' request that the Court advise the jury of their respective "positions" because they go beyond denying the charges and asserting they acted in good faith. Instead, they operate as a pre-closing, and reference arguments and evidence that the Government does not believe will properly come before the jury. The Government thus requests that the Court simply advise the jury: "Defendants Neil Ahuja and Jeremy Shor deny all of the charges and maintain that each acted in good faith."

Finally, if the defendants do not want the Court to inquire about the 2008 financial crisis, the Government has no objection. That said, the Government notes that it is almost certain that the 2008 financial crisis will be mentioned during the trial, including because one of PPI's strategies was to invest in these pre-crisis, "legacy" bonds.[1]

                        Respectfully submitted,

                        AUDREY STRAUSS
                        Attorney for the United States,
                        Acting Under Authority Conferred by
                        28 U.S.C. § 515

By:   /s/                        
      Andrea M. Griswold
      Joshua A. Naftalis
      Max Nicholas
      Assistant United States Attorneys
      (212) 637-1205/2310/1565

cc:     Defense Counsel

---

[1] As the Government has advised Mr. Ahuja, the Government does not intend to suggest that he or his then employer, Deutsche Bank, caused the financial crisis.