

Gregory W. Kehoe
Tel 813.318.5732
Fax 813.318.5923
KehoeG@gtlaw.com

May 31, 2019

**By ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     ***United States v. Anilesh Ahuja, et al.,***
        ***18-cr-328 (KPF)***

Dear Judge Failla:

We represent non-party witness Ashish Dole, who was issued a Rule 17(c) subpoena in the above-referenced action.  Although this is a criminal matter, we are mindful that the Local Civil Rules and Your Honor's Individual Rules call for pre-motion conferences for discovery disputes. Given the impending trial date of June 3, 2019, we are compelled to respectfully seek immediate relief from the Court by way of this Letter Motion in lieu of a more formal motion to quash the Rule 17(c) Subpoena issued to Mr. Dole (attached as Exhibit A).

By way of background, Mr. Dole pleaded guilty pursuant to a plea and cooperation agreement with the United States Attorney's Office for the Southern District of New York in a separate action (*United States v. Ashish Dole,* Case No. 17-cr-698 (JGK)).  Mr. Dole is scheduled to testify in this action as a government witness on Tuesday, June 4.  We understand that on January 25, 2019, counsel for Mr. Ahuja filed a letter requesting permission to file *ex parte* applications to serve Rule 17(c) document subpoenas (ECF #78), but we do not know if Mr. Dole was included in the submission and we are unaware of any further proceedings regarding the January 25 letter.

On May 9, 2019, we accepted service of a Rule 17(c) subpoena directed to Mr. Dole and issued on behalf of Defendant Anilesh Ahuja ("Defendant").  In sum, the subpoena seeks six broadly defined categories of information: (1) documents, including emails and text messages, concerning Mr. Dole's time at Premium Point Investments ("PPI"), on the subject of PPI's valuation activities and Mr. Dole's compensation and departure from PPI; (2) documents, including emails and text messages, that "refer to" the Government's investigation of PPI or Mr. Dole, and the resultant civil action; (3) all correspondence between Mr. Dole and any government or regulatory agency, without limitation as to subject matter; (4) documents, including emails and text messages, reflecting communications with  any PPI employees or partners, three specific brokers, and any PPI investor; (5) any of Mr. Dole's communications with employees or representatives of Mr. Dole's former employer, Metacapital Management, L.P.; and (6) Mr. Dole's tax returns.  As set forth more fully below, Mr. Dole seeks to quash the subpoena on the grounds that it is unreasonable and oppressive under Rule 17 and *United States v. Nixon* and its progeny.

Honorable Katherine Polk Failla
May 31, 2019
Page 2

Rule 17 of the Federal Rules of Criminal Procedure authorizes the Court to quash a subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). As a general matter, Rule 17 was not "intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). "[C]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed R. Crim. P. 16." *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995). The proponent of the subpoena is subject to a "strict standard" and "must establish the relevancy and admissibility of the records sought and specify the documents with reasonable particularity." *United States v. Boyle*, No. 08 CR 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009). In *Nixon*, the Supreme Court established that to require the production of documents prior to trial, the proponent of the subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700. The Defendant cannot meet that standard here.

## A. **Requests (1) and (4)**

To the extent the subpoena seeks any documents that are evidentiary, relevant, and not privileged, Mr. Dole has turned over all relevant documents in his possession to the Government. Accordingly, those documents would already be in the possession of the U.S. Attorney's Office, who has seemingly complied with all of its disclosure obligations in this case. *See, e.g.*, ECF # 138 (Court Order "accept[ing] the representations of the Government that it has complied with its disclosure obligations"). A subpoena such as this is overbroad when it seeks documents that are obtainable from another source, like the U.S. Attorney's Office. *Boyle*, 2009 WL 484436, at *3 (finding subpoena improper when the subpoenaed documents are material that the Government is expected to provide through the discovery process "with little or no diligence required"). Because Mr. Dole has already turned over any and all relevant, non-privileged documents to the Government, his response to the subpoena would be completely duplicative of documents in the possession of the Government and provided to Defendant.[1] It would be unreasonable to require Mr. Dole, a non-party to this case, to reproduce documents that are already in the parties' possession. *See United States v. Bergstein,* No. 16-CR-746 (PKC), 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) (quashing subpoena of cooperating government witness as unreasonable because "*Nixon's* specificity requirement does not permit a defendant to force a non-party by

---

[1] Mr. Dole has identified his Separation Agreement from PPI as one document that is responsive to request (1)(d) and not previously provided. We will be producing this document on the subpoena return date, even though we dispute that this document is relevant, evidentiary, or required to be produced prior to trial.

Honorable Katherine Polk Failla
May 31, 2019
Page 3

subpoena to replicate all or part of the government's discovery productions in the hope that the non-party's production will produce something more").

## B.  Requests (2) and (3)

Requests 2 and 3 seek broad categories of documents about the Government's investigations or communications with the Government.  These requests are improper for several reasons.  As an initial matter, the broad "refer to" language in Request 2 and the sweeping request for "all correspondence or other communications" in Request 3 render the requests oppressive and unreasonable.  *See Boyle*, 2009 WL 484436, at \*2 (finding requests for correspondence with law enforcement agencies and any and all documents associated with the investigation to be "overly broad fishing expeditions"); *Bergstein*, 2017 WL 6887596, at \*5 (request seeking "'all documents' and 'all communications' within defined categories" not sufficiently specific under *Nixon*.  Second, such documents or communications will be inadmissible at trial and are therefore not properly sought under *Nixon*.  *See United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at \*5 (S.D.N.Y. May 17, 2018) (subpoena request to non-party seeking "all communications" with the government quashed because documents would be inadmissible hearsay).  Third, to the extent these requests encompass plea or settlement negotiations or communications with counsel, those documents are inadmissible and/or privileged.  *See, e.g.* F.R.E. 408 and 410, Fed. R. Crim. P. 11.  Fourth, to the extent these requests seek impeachment material, "documents are not evidentiary for Rule 17(c) purposes if their use is limited to impeachment."  *Cherry*, 876 F. Supp. at 553.  Finally, responsive, non-privileged communications exchanged on behalf of Mr. Dole will be produced in response to the subpoena issued to Greenberg Traurig, and need not be reproduced by Mr. Dole.

## C.  Requests (5) and (6)

Requests 5 and 6 seek communications with one of Mr. Dole's former employers and his personal tax returns, respectively.  It is totally unclear how these documents meet the requirements of *Nixon*.  These documents have no apparent relevance to the issues in this case.  Even if something about these documents were relevant or evidentiary, the requests lack the specificity required by *Nixon*.  *See, e.g. Skelos*, 2018 WL 2254538, at \*6 (request must specify a particular subject matter).  Moreover, requests for such personal information from a non-party, with no apparent relevance, constitute an oppressive fishing expedition that is barred by *Nixon*.  *See United States v. Coriaty*, No. 99CR1251(DAB), 2000 WL 1099920, at \*8 (S.D.N.Y. Aug. 7, 2000) ("[T]he proposed subpoenas appear to be an attempt by Defendants to unearth a mass of personal financial information in the hope of finding favorable evidence amid the requested documents."); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (noting that "courts have been reluctant to order [tax returns'] routine disclosure as a part of discovery").

Accordingly, Mr. Dole requests that the Court quash the subpoena because the requests fail to satisfy the requirements set forth in *Nixon* and are unreasonable and oppressive under Rule 17.

Honorable Katherine Polk Failla
May 31, 2019
Page 4

Respectfully submitted,

*/s/ Gregory W. Kehoe*
Gregory W. Kehoe
*Attorney for Non-Party Ashish Dole*