

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2019

BY ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Anilesh Ahuja, et al.
                S1 18 Cr. 328 (KPF)

Dear Judge Failla:

      The Government respectfully writes in response to defendant Anilesh Ahuja's letter dated May 24, 2019, in which he identifies one portion of a March 14, 2016 recording made by defendant Jeremy Shor that he intends to offer at trial (the "March 14 Excerpt" or "Excerpt"), and in which he states that he may also offer other portions of additional recordings.[1]

      The March 14 Excerpt reads as follows: Shor says to Ahuja, "I just wanted to let you know – you know, it's become clear to me over these last couple of weeks. I feel like, it's a bit of an untenable situation just for me, I feel like information is not relayed to you always accurately or fully. So . . . I've decided to resign." Ahuja first argues that the Excerpt is admissible as non-hearsay because the mere fact that Shor made the statement to Ahuja is probative of why Ahuja took certain steps after March 14, 2016. Ahuja argues that if the statement is precluded, Ahuja's actions after March 14 could be construed to indicate knowledge of the fraud, without the competing inference that he was reacting to the statement made to him by Shor.

      In order to reach agreement on Ahuja offering the Excerpt as non-hearsay, the Government proposed to Ahuja a stipulation that on March 14, 2016, a PPI employee alleged by the Government to have been involved in the mismarking scheme told Ahuja, in substance and in part, that "information is not relayed to you (Ahuja) always accurately or fully." The Government offered to enter into this stipulation on the condition that the parties agree to ask the Court to instruct the jury that the statement by Shor could not be considered for its truth. Ahuja rejected the Government's proposal.

---

[1] The Government does not respond here to the issues raised in Ahuja's letter about Shor's potential offering of certain recordings, as Shor's potential offering of recordings is still being developed.

In light of Ahuja's refusal to enter into a stipulation along the lines described above, the Government opposes the introduction of the March 14 Excerpt. Without a limiting instruction that the statement is not to be considered for its truth, the claim by Shor, "I feel like information is not relayed to you always accurately or fully" is hearsay and presents an overwhelming likelihood that the jury will consider it for the truth of the matter that Shor asserts. If Ahuja truly seeks to offer the Excerpt on non-hearsay grounds, in order to explain why Ahuja took certain steps after March 14, 2016, then a limiting instruction that the statement is not to be considered for its truth should not offend. The use of a stipulation to admit the substance of the Excerpt, rather than playing a snippet of the recording itself, avoids the confusion that would result from playing part of a recording without delving into the background of who made the recording, for what purpose, and in what context. The Government remains amenable to a stipulation similar to the one that it proposed, but absent such an agreement, the Government objects to the admission of the March 14 Excerpt.

Ahuja argues in passing that the March 14 Excerpt is also admissible under the exception to the rule against hearsay for statements against penal interest. *See* Fed. R. Evid. 804(b)(3). Ahuja does not explain how the Excerpt qualifies under this exception, and the Government submits that it does not. The Excerpt does not have "so great a tendency . . . to expose [Shor] to civil or criminal liability." *Id.* Moreover, the Excerpt lacks the necessary "corroborating circumstances that clearly indicate its trustworthiness." *Id.*; *see also United States v. Jackson*, 335 F.3d 170, 178 (2d Cir. 2003) ("[I]f the statement exposes the declarant to criminal liability and is offered to exculpate the accused, the proponent of the statements must identify corroborating circumstances that clearly indicate the trustworthiness of the statement."). Ahuja makes no effort to identify any such corroborating circumstances, and indeed, the Government expects the testimony at trial to be that Ahuja was aware of, and participated in, the mismarking scheme at PPI.

Lastly, Ahuja argues that the Excerpt is admissible under Rule 803(3) to show Shor's state of mind as to whether he believed that Ahuja was a member of the conspiracy. The Excerpt does not qualify under the state of mind exception. That exception explicitly carves out "a statement of . . . belief to prove the fact . . . believed unless it relates to the validity or terms of the declarant's will." But Ahuja seeks to admit the Excerpt for exactly this purpose – for the truth of Shor's purported belief that Ahuja was not given accurate or full information. The statement is not one of motive or intent, nor does it reflect an emotional, sensory, or physical condition. It is backward-looking and inadmissible under Rule 803(3). *See, e.g.*, *United States v. Farhane*, 634 F.3d 127, 172 n.1 (2d Cir. 2011).

Ahuja has also identified for the Government two other recordings made by Shor from which he intends to offer portions. Ahuja has not identified for the Government particular statements in these recordings that he seeks to admit, but rather, has represented that he may seek to offer the beginning portions of the recordings, and has conveyed to the Government that he believes it is incumbent on the Government to move to preclude the recordings if it objects to their being admitted. The Government's understanding from speaking with counsel for Ahuja is that Ahuja seeks to offer portions of these recordings as non-hearsay in order to demonstrate that co-conspirators were discussing the mismarking scheme without Ahuja. The Government objects to the admissibility of the beginning portions of these recordings. The Government expects that its own witness will testify that the mismarking scheme was sometimes discussed outside the presence

of Ahuja – that fact is not in dispute. The recordings that Ahuja seeks to admit contain many hearsay statements and Ahuja has not identified particular statements that he deems relevant to his defense, or proposed a way to avoid the significant confusion that would arise from playing long periods of recordings surreptitiously made by Shor that are filled with hearsay. Without knowing which specific statements Ahuja seeks to admit from these recordings, or exactly how much of the recordings Ahuja seeks to play at trial, the Government objects to their being offered.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By: ___/s/_____
Andrea M. Griswold
Joshua A. Naftalis
Max Nicholas
Assistant United States Attorneys
(212) 637-1205/2310/1565