

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2019

VIA CM/ECF

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: United States v. Anilesh Ahuja, et al.
     S1 18 Cr. 328 (KPF)

Dear Judge Failla:

  The Government writes to advise the Court and the parties that, if the Court determines that the fact that Shor secretly recorded certain conversations he had while working at Premium Point Investments, L.P. ("PPI") comes into evidence at trial (and we do not believe it should), the Government will seek to offer the following evidence to rebut any argument that Shor acted in good faith, including by going to PPI's Chief Compliance Officer.  The following evidence is also admissible under Rule 404(b).

  Specifically, the Government would seek to introduce evidence that in or about early 2014, Shor resigned from his then-employer, Pamli Fund Management LLC ("Pamli"), to take a position at PPI.  In connection with that resignation, Shor secretly recorded at least one conversation that he had with the founder and head of Pamli (the "Pamli Founder") on or about February 6, 2014.  An employment dispute between Shor and Pamli followed, including over when Shor gave proper notice of his resignation and the applicability a non-compete provision of his employment agreement.  During this employment dispute, Shor referenced the fact that he had secretly made recordings while at Pamli in certain correspondence with Pamli.  For example:

- In a March 18, 2014 email from Shor to a Pamli trader, Shor wrote, "I've been threatened that I can't work til August.  Did you know in NYS it is legal for one party to record a conversation?"

- In an April 8, 2014 letter from Shor's counsel to Pamli's counsel, Shor's counsel referenced and quoted eight statements apparently made by the Pamli Founder during the February 6, 2014 conversation that Shor had secretly recorded.

This evidence is plainly relevant and admissible because it rebuts any argument that Shor acted in good faith when he made his secret recordings at PPI and when he went to PPI's Chief Compliance

Officer.  Simply put, this evidence shows that Shor's *modus operandi* was to secretly record conversations and then use those recordings to his own benefit.

The Government received this new information late in the day on May 31, 2019 and produced the relevant Rule 16 discovery and § 3500 material earlier today, June 1, 2019.  To the extent the Government receives additional materials that the Government has an obligation to disclose, it will do so promptly.

Very truly yours,

AUDREY STRAUSS
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By: /s/
     Andrea M. Griswold
     Joshua A. Naftalis
     Max Nicholas
     Assistant United States Attorneys
     (212) 637-1205/2310/1565