## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 2, 2019

Daniel Ru umna
Partner
(212) 336-2034
Direct Fax  (212) 336-1205
dru umna@pbwt.com

**By ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    *United States v. Ahuja, et al.,*
              <u>18 Cr. 328 (KPF)</u>

Dear Judge Failla:

      We write in response to the Government's letter of last night advising the Court and Defendants that it will seek to offer evidence that Mr. Shor recorded a conversation with his prior employer in February 2014.  The Government apparently intends to offer this evidence "to rebut any argument that Shor acted in good faith," and under Rule 404(b) to "show[] that Shor's *modus operandi* was to secretly record conversations and then use those recordings to his own benefit."  (D.I. 201 at 1, 2.)  The Government's eleventh hour disclosure has no relevance to any issue in the case and does not constitute proper Rule 404(b) evidence.  Mention of this subject would also run afoul of Rules 401 and 403, as it is not relevant to the issues in this case and would unfairly prejudice Mr. Shor and confuse the jury.  Accordingly, the Court should preclude the Government from offering evidence on this subject at trial.

      Attached as Exhibit A hereto is 

      After Mr. Shor resigned from Pamli and began working at PPI, the concern that

Hon. Katherine Polk Failla
Page 2

[REDACTED]

       The Government tries to make much of this [REDACTED] but it fails to show how evidence of the recording on the subject would be relevant to any issue in the case.  It is not at all clear how the fact that Mr. Shor legally recorded a conversation with a supervisor at Pamli about [REDACTED] calls into question the "good faith" of anything he did at PPI.  Mr. Shor [REDACTED] Mr. Shor joined PPI in the spring of 2014 but did not record any of his conversations there until July 2015, when he became concerned about the firm's valuation practices and found himself working under a supervisor, Amin Majidi, who Mr. Shor suspected would later deny statements that were made.  Nothing about the Pamli recording casts any aspersions on Mr. Shor's good faith in documenting his concerns at PPI.

       The Government next argues that evidence of Mr. Shor's recording a conversation at Pamli is admissible under Federal Rule of Evidence 404(b).  This analysis is flawed in several respects.  Rule 404(b) concerns principally a defendant's crimes, wrongs or bad acts.  There was nothing illegal about Mr. Shor's recording a conversation with his supervisor.  *See People v. Badalamenti*, 124 A.D.3d 672, 673 (N.Y. App. Div. 2d Dep't 2015) (New York law only "require[s] consent from at least one party to the conversation for the recording to be lawful").  Nor did Mr. Shor do anything inherently wrongful or improper in recording the Pamli conversation.  Nonetheless, the Government seeks to use this evidence to show that Mr. Shor has a propensity for sneaky or covert action—like secretly recording a conversation with a supervisor.  The introduction of this evidence would simply be an attempt to take advantage of people's distaste for secretive or surreptitious actions.  That is an improper purpose under Rule 404(b).  *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character.").

       The Government attempts to circumvent this prohibition by framing evidence of the Pamli recording as showing "Shor's *modus operandi* . . . to secretly record conversations and then use those recordings to his own benefit."  (D.I. 201 at 2.)  But the *modus operandi* prior acts exception is limited to instances where the prior conduct is "so nearly identical in method as to ear-mark them as the handiwork of the accused."  *United States v. Rosario*, 09 Cr. 415 (VEC), 2014 U.S. Dist. LEXIS 159633, at *8 (S.D.N.Y. Nov. 13, 2014) (quoting *United States v. Mills*, 895 F.2d 897, 907 (2d Cir. 1990)).  The Government argues that Mr. Shor's recording of a

Hon. Katherine Polk Failla
Page 3

conversation with a Pamli supervisor demonstrates a *modus operandi* and thus is admissible at trial to show a nefarious intent. But *modus operandi* evidence is generally offered to prove a defendant's identity based on a signature action and thus requires something that is unique or idiosyncratic. *See United States v. Sampson*, 385 F.3d 183, 192 n.7 (2d Cir. 2004) (failure to make out claim that "the perpetrator or the [prior] offense[] and the [charged] offense[] used a distinctive *modus operandi*" meant that prior offense "could not be admitted . . . *to prove identity*") (second emphasis added). Here, Mr. Shor does not contest, and indeed seeks to introduce the fact, that he was the person who recorded the conversations at PPI that may be presented to the jury in some form. There is nothing unique about recording a conversation with a supervisor to document what was stated. There is no "signature" to be found in comparing these separate subjects, and "that is hardly the sort of idiosyncrasy required to make this sort of evidence admissible" on a Rule 404(b) *modus operandi* theory. *Rosario*, 2014 U.S. Dist. LEXIS, at *9. The request to offer this evidence is merely to show propensity of purportedly sneaky conduct.

Lastly, we note that even if evidence of the Pamli recording were somehow otherwise relevant and admissible, it should be excluded under Rules 401 and 403. Evidence of Mr. Shor recording a different conversation at a different firm for different reasons and under different circumstances has no relevance here and would be highly confusing to the jury and unduly prejudicial to Mr. Shor, as his lawful and legitimate conduct at Pamli would be presented to the jury as somehow improper and inculpatory. The Government clearly wishes to use the fact of the Pamli recording to demonstrate that Mr. Shor was sneaky or conniving. It constitutes highly prejudicial propensity evidence. The evidence should be excluded.

Respectfully submitted,

Daniel S. Ruzumna

cc: Counsel of Record