UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 18 Cr. 328 (KPF) |
| ANILESH AHUJA and JEREMY SHOR, | **ORDER** |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

This Order resolves the parties' applications regarding the use of, and references to, certain recordings made by Mr. Shor during the putative time period of the conspiracy. The Court understands the remaining issues to be: (i) Mr. Ahuja's ability to introduce what has been marked for identification as Government Exhibit 655 ("GX 655") in cross-examining cooperating witness Ashish Dole; (ii) whether excerpts from a meeting between Mr. Shor and Chief Compliance Officer Evan Jay may be presented to the jury in the form of recordings, transcripts, or stipulated facts; and (iii) whether any recordings introduced at trial may be sourced to Mr. Shor. The issues are addressed seriatim.

The Court has reviewed the email portion of GX 655, as well as a transcript of the recording that is contained as an attachment. During trial, counsel for Mr. Ahuja has argued that it is fair cross-examination to inquire of Mr. Dole as to how, if at all, he reacted to an email from Mr. Shor attaching a recording — surreptitiously made — of Mr. Shor's discussions with another PPI employee concerning valuation issues. The Court concludes that <u>limited</u> inquiry into this matter is permissible under Fed. R. Evid. 401, and that it

would not be unduly prejudicial under Fed. R. Evid. 403.  The Court will therefore permit limited inquiry along the lines discussed with counsel for Mr. Ahuja during the post-trial proceedings on Thursday, June 6, 2019. Depending, of course, on Mr. Dole's recollection, counsel for Mr. Ahuja may elicit that Mr. Dole received the email and attachments contained in GX 655 from Mr. Shor at or about the time of its preparation.  The Court accepts counsel's representations that the recording itself will not be played for the jury.

Resolution of this issue affects the two issues identified by counsel for Mr. Shor.  The Government and counsel for Mr. Shor have agreed on the introduction of certain excerpts from the recorded meeting with Mr. Jay.  The Court concludes that those excerpts may be played to the jury, rather than presented in written form.  In addition, if the cross-examination of Mr. Dole outlined in the preceding paragraph results in the jury learning that Mr. Shor recorded the conversation contained in GX 655, the Court will permit counsel for Mr. Shor to elicit that Mr. Shor also recorded the meeting with Mr. Jay.

The Court previously discussed with counsel for Mr. Shor permissible jury arguments that could be made if any recordings were to be sourced to Mr. Shor.  Pursuant to its colloquy with the parties, and absent further developments in the record, the Court orders as follows:  Counsel for Mr. Shor may not argue to the jury that the fact that Mr. Shor recorded certain communications evidences his good faith, consciousness of innocence, or similar lack of intent.  That is because the Court is introducing this

information to dispel potential juror confusion about the source of the recordings. If, however, the Government chooses to advance arguments regarding Mr. Shor's intent from the fact that he recorded conversations, counsel for Mr. Shor would be permitted to rebut those arguments.

SO ORDERED.

Dated:   June 7, 2019
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge